United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO SOSA,<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE DETENTION FACILITY, *et al.*,<br>Respondents. | Case No. 1:26-cv-08323 (EJD)<br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 10 |

Petitioner Carlos Armando Sosa is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he seeks a bond hearing or immediate release from custody. Dkt. No. 1 at 17. Petitioner last entered the United States on a B2 visitors visa in 2024, which expired in June 2025. Dkt. No. 10 at 10. In March 2026, Petitioner was arrested for driving under the influence and transferred to ICE custody shortly thereafter. *Id*. Neither party has stated what the status of Petitioner's criminal case is. Following his arrest, Petitioner received a custody redetermination hearing and was denied release, with the immigration judge finding that Petitioner was a danger to the community in light of his recent arrest. *Id*. at 23.

Following this bond hearing, Petitioner filed a habeas petition arguing that due process required he be released from custody or provided a second bond hearing. *See Sosa v. Warden California City Immigration Processing Center*, Case No. 1:26-cv-04728-EJD, Dkt. No. 1. The Court denied the petition without prejudice, finding that Petitioner was lawfully detained under 8 U.S.C. § 1226(a), and had been provided the process he was entitled to under that statute. *Sosa v. Warden California City Immigration Processing Center*, No. 1:26-CV-04728, 2026 WL 2921450,

United States District Court
Eastern District of California

at *2–3 (E.D. Cal. Sept. 29, 2026).

In this subsequent petition, Petitioner argues that his detention has become unconstitutionally prolonged in violation of his Fifth Amendment right to due process. Respondents move to dismiss the petition, arguing first that the petition should be denied because Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 10 at 3–4. They further argue that Petitioner has not shown that his detention has become unconstitutionally prolonged. *Id*. at 4.

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal quotation marks omitted). Even if these factors weigh in favor of requiring exhaustion, "there are a number of exceptions to the general rule requiring exhaustion, covering situations such as where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

To the extent that Petitioner challenges the immigration judge's findings, these factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the

IJ and preclude the need for judicial review.

However, an exception applies to Petitioner's claim that the procedures under § 1226(a), as applied to him, violated his procedural due process rights. *See Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiver of exhaustion requirement proper where the petitioner raised a purely legal challenge). This type of claim cannot be reviewed by the BIA because it "is well settled that [the BIA] lack[s] jurisdiction to rule on the constitutionality of the [Immigration and Nationality Act] and [its] regulations." *In re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997); *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995) ("Clearly the BIA has no jurisdiction to decide questions of the constitutionality of the immigration laws"). Accordingly, Petitioner's claims challenging the constitutionality of his continued detention under 8 U.S.C. § 1226(a) may be reviewed by this Court.

Turning to Petitioner's claim that his detention has become unconstitutionally prolonged, the Court has already concluded that Petitioner is detained pursuant to 8 U.S.C. § 1226(a). *See Sosa*, 2026 WL 2921450, at *1. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although 8 U.S.C. § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite, and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). The lack of a certain end date for detention under 8 U.S.C. § 1226(a), without more, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for approximately seven months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Thus, habeas relief is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-CV-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under 8 U.S.C. § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1 (E.D. Cal. Aug. 3, 2026) (same).

United States District Court
Eastern District of California

For the foregoing reasons, the petition is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 20, 2026

EDWARD J. DAVILA
United States District Judge